IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RHONDA ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3134-CV-S-DGK |
| | ) | |
| STANDARD FIRE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This lawsuit concerns an insurance coverage dispute that arose in the aftermath of a fire at Plaintiff Rhonda Rowan's home. Defendant Standard Fire Insurance Company contends the policy at issue was cancelled approximately six months before the fire, Plaintiff contends the policy was still in effect.

Pending before the Court is Defendant Standard Fire Insurance Company's Motion For Summary Judgment (Doc. 20). For the reasons outlined below, the motion is GRANTED. The parties' remaining motions are DENIED AS MOOT.

**Summary Judgment Standard**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the

nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

**Facts**

Viewing the evidence in the light most favorable to the Plaintiff, for purposes of resolving the pending motion the Court finds the facts to be as follows. The Court has omitted controverted facts, facts immaterial to the resolution of the pending motion, and facts not properly supported by the record.

On February 10, 2004, Plaintiff Rhonda Rowan ("Rowan") sought an insurance broker's assistance in obtaining insurance on property located at 5190 West Farm Road 44, Willard, Missouri ("the Property"). That same day the insurance broker, the Osborne Financial Group ("Osborne"), prepared a binder for a homeowner's insurance policy to be issued by Defendant Standard Fire Insurance Company ("Standard"). The policy was Policy No. 975911222-633-1 ("the 975 Policy") with a proposed policy period of February 13, 2004, through February 13, 2005. Rowan was issued a binder for the policy.

At that same time a request for an inspection of the Property was automatically generated by Standard and sent to Millennium Information Systems ("Millennium"). Millennium inspected

the Property on March 1, 2004, and found that the Property's roof was "crumbling, rotting and curled or lifting." Before Standard received Millennium's report, however, the 975 Policy was "flat canceled" at Osborne's request.

On April 19, 2004, Rowan again sought Osborne's assistance in obtaining insurance on the Property. Standard issued Policy No. 97685005-633-1 ("the Policy") with a policy period of March 20, 2004, through March 20, 2005. On May 10, 2004, 52 days after the binder was issued, Standard sent Rowan and Rowan's mortgage holder notice that it was canceling the Policy effective June 14, 2004, due to the roof's condition. Rowan admits she received notice of the cancellation by mail in May of 2004. Osborne also received the notice of cancellation.

Standard never collected any premiums for all or any portion of the Policy period, and the premiums due and owing were charged off to collections. As part of the closing on her mortgage, however, Rowan paid one year's insurance premium to Osborne.

Rowan's home was destroyed by fire on January 19, 2005.

## Discussion

Standard argues that Rowan cannot prevail because (1) the Policy was properly cancelled, (2) Standard was never paid for the Policy, thus the insurance contract fails for lack of consideration, and (3) Rowan's vexatious refusal to pay claim is without merit because whether the policy was properly cancelled or not involved an open question of law, and an insurer may insist on a judicial determination of such questions without penalty. Holding that Standard properly cancelled the policy, the Court grants summary judgment and does not reach the second and third arguments.

**The Policy was properly cancelled.**

The relevant sections of the Policy concerning Standard's right to cancel are as follows:

3

4. Cancellation

b. We may cancel this policy for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the declarations. Proof of mailing shall be sufficient proof of notice.

\* \* \*

(2) When this policy has been in effect for **less than sixty (60) days** and is not a renewal with us, we may cancel for any reason by **notifying you at least thirty (30) days before the date cancellation takes effect.**

(3) When this policy has been in effect for sixty (60) days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy or if the risk has changed substantially since the policy was issued. This can be done by notifying you at least thirty (30) days before the date cancellation takes effect.

(Emphasis added.)

Standard contends it properly cancelled the Policy pursuant to its terms and Missouri law. Standard argues that at the time it sent the notice of cancellation the policy had been in effect for 52 days, therefore provision 4(b)(2) applied and it could cancel for any reason so long as it notified Rowan at least 30 days before the cancellation took effect. Standard notes it mailed the notice on May 10, 2004, and that the cancellation took effect June 14, 2004, more than 30 days later. Standard also asserts it complied with Missouri law because under Missouri law an insurer may cancel an insurance policy for any reason within the first 60 days, so long as it is not a renewal. Mo. Rev. Stat. § 375.002 (2004).[1]

---

[1] Section 375.002 states in relevant part that

1. A notice of cancellation of a policy shall be effective only if it is based on one or more of the following . . .

4

Plaintiff Rowan claims that because the Policy had been in effect for more than 60 days before the cancellation *took effect*, section (b)(3) applied and her policy could be canceled only if she had made a material misrepresentation in her application.

The parties arguments mirror a minor debate in insurance law over this fairly standard provision. *See* 1 Irvin Schermer and William Schermer, Auto. Liability Ins. § 8:12 (4th ed. 2009). The question is, when notice of cancellation is given during the 60 day period, but the cancellation becomes effective after the expiration of this period, is unrestricted cancellation still available? *Id.* The Court finds that given the Policy language and Missouri caselaw, it is.

A plain reading of the Policy indicates that § 4(b)(2) applies here. Section 4(b)(2) applies when "this policy has been in effect for less than sixty (60) days," while § 4(b)(3) applies when it "has been in effect for sixty (60) days or more." Since the policy had only been in effect for 52 days at the time, § 4(b)(2) applied.

This holding is consistent with the most relevant Missouri case on the subject, *Hudson v. State Security Insurance Company*. 555 S.W.2d 859 (Mo. Ct. App. 1977). In *Hudson* the court held that under statutes governing an insurer's right to cancel an automobile policy, the effective date of cancellation did not have to be within the first 60 days of coverage so long as the notice of cancellation was mailed within the initial 60 days, even if the effective date of cancellation was beyond the 60 day period. *Id.* at 860. Although *Hudson* concerned an automobile policy, not a fire insurance policy, this factual difference is immaterial, the case is still legally analogous. Accordingly, the Court holds the Policy was properly cancelled effective June 14, 2004, and Standard is not obligated to pay any claim arising from the fire on January 19, 2005.

---

2. This section shall not apply to any policy or coverage which has been in effect for less than sixty days at the time the notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy.

**Conclusion**

For the reasons discussed above, Defendant Standard Fire Insurance Company's Motion For Summary Judgment (Doc. 20) is GRANTED. Defendant's Motion to Dismiss Count IV (Doc. 17) and Plaintiff's Motion For Partial Summary Judgment (Doc. 23), are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   March 17, 2010                                    /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT